IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Fifth Third Bank,                                                          Case No. 3:08CV2819

                 Plaintiff

v.                                                           ORDER

Kenneth A. MacLaren, et al.,

                 Defendant

This is a suit on a cognovit note executed by the defendants. Following default on the underlying obligations, the bank obtained judgment against the defendants in the Lucas County, Ohio, Court of Common Pleas. Neither defendant received notice of the bank's suit; instead, as permitted by the express terms of the note, counsel appeared on their behalf and waived service of process and confessed judgment in the amount sought by the bank.

Thereafter, the bank purchased the property that secured the underlying obligation for $100,000 at a non-judicial Sheriff's sale.

The defendants contend that they learned *post facto* of the entry of judgment and sale and that, within thirty days thereafter, a removal petition was filed. They have filed motions for relief from judgment under Fed. R. Civ. P. 60(b). [Docs. 6, 11].

Also pending is the bank's motion to remand. [Doc. 8], which the defendants oppose. [Doc. 14]. The bank has not filed a reply to the defendants' opposition.

The bank's motion for remand raises at least two questions which the parties either have not addressed, or have address insufficiently, in that neither cites, much less discusses any applicable legal authority.

First: did the actions of the attorney acting on the defendants' behalf under the provisions of the cognovit note start the running of the thirty day period within which the defendants had to remove this case from the state court to this court? In other words, how far-reaching were the waiver terms of the cognovit note: did they encompass a waiver of the right to actual notice of the suit for purposes of removal to federal court? Or did the thirty day period within which defendants had to seek removal begin only after each defendant had actual notice of the pendency of the suit?

Second: is removal after entry of judgment in the state court permissible, regardless of when the defendants received actual notice of the pendency of the suit?

Because the answers to these questions relate to this court's jurisdiction, it is hereby

ORDERED THAT:

1. Plaintiff shall supplement its motion to remand on or before March 15, 2009; defendants shall supplement their opposition on or before March 31, 2009; plaintiff shall a final sur-reply on or before April 15, 2009;

2. Adjudication of defendants' pending motion for relief from judgment [Docs. 6, 11] held in abeyance pending adjudication of plaintiff's motion for remand.

So ordered.

                                            s/James G. Carr
                                            James G. Carr
                                            Chief Judge