IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Fifth Third Bank,  Case No. 3:08CV2819

    Plaintiff

  v.  ORDER

Kenneth A. MacLaren, et al.,

    Defendant

This is a suit on a cognovit note in which, after plaintiff entered judgment on the note against the note's two signers, they removed the case to this court. Following removal, each defendant filed a motion for relief from judgment. [Docs. 6, 11].

Pending is plaintiff's motion to remand. [Doc. 8]. For the reasons that follow, the motion to remand shall be denied.

The notes signed by the defendants provided:

Each and every Guarantor hereunder authorizes any attorney of record to appear for them in any court of record in the State of Ohio, after the Obligation becomes due and payable, whether by its terms or upon default, waives the issuance and service of process, and releases all errors and lights of appeal, and confess a judgment against them in favor of the Bank or any holder of the Obligation, for the principal amount of the Obligation plus interest as provided for, together with court costs and attorneys' fees.

Acting pursuant to this provision, plaintiff filed suit in the Lucas County, Ohio, Court of Common Pleas. An attorney appeared on defendants' behalf, waived service and confessed judgment in plaintiff's favor.

Within thirty days of learning of the entry of judgment against him, defendant MacLaren removed the case to this court. Defendant Garverick, who had not filed a notice of removal within thirty days of learning of the judgment, has filed a notice of joinder in removal [Doc. 4], thereby consenting to removal.

The removal statute sets a deadline for removal:

> The *notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading* setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b) (Emphasis supplied).

Under the terms of their cognovit note, defendants had waived service of process and appearance. Thus plaintiff did not serve them with a summons or complaint before obtaining its state court judgment. Though an attorney appeared on their behalf, he waived service and simply confessed judgment.

Plaintiff argues that remand is necessary because: 1) the cognovit provision waived the right to remove; 2) removal was untimely, having come more than thirty days after plaintiff instituted suit and obtained judgment; and 3) removal cannot occur after entry of judgment.

### 1. Waiver

Plaintiff claims that by agreeing to be sued "in any court of record in the State of Ohio" the defendants waived the right to remove this case from state to federal court. In support of this contention, they cited a decision by the Hon. David D. Dowd of this District, *Lewandowski v. Donahue Intelligraphics, Inc.*, 5:92CV1718 (N.D. Ohio) (Unreported; no date). In that opinion,

2

Judge Dowd held that the defendants had waived the right to remove a state court cognovit judgment where their notes authorized suit "in the State of Ohio or any other state of the United States."

The phrase, "court of record," is not, however limited just to the state courts. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 882 (3d Cir. 1995) (phrase, "a court of record in the county" encompassed state and federal courts). By consenting to be sued " in any court of record in the State of Ohio" defendants did not agree to limit jurisdiction solely to Ohio's state courts. If otherwise able to do so, they could remove this suit to this court.

In any event, the putative waiver in the cognovit of the right to remove is not "clear and unequivocal," as required by *Regis Assocs. v. Rank Hotels*, 894 F.2d 193, 195 (6th Cir. 1990).

## 2. Timeliness of Removal

Plaintiff contends that the thirty day period for removal began when an answer was filed on its behalf by the attorney who appeared and confessed judgment in the state court action. MacLaren's removal notice, having been filed more than thirty days after that date, was thus, according to plaintiff, untimely. This is so, plaintiff argues, because defendants had waived service of process.

Such waiver, however, was related to service of process *vis-a-vis* the proceedings by which plaintiff obtained its judgment. Defendants did not waive any rights they might have to remove subsequent proceedings to this court.

Plaintiff's argument overlooks, moreover, the terms of § 1446(b), which trigger the thirty day removal period on "the *receipt* by the defendant, through *service or otherwise*, of a copy of the initial pleading." (Emphasis supplied). In his notice of removal, defendant MacLaren states that he

did not receive notice of the suit until November 7, 2008, of the October 20, 2008, cognovit judgment. At that point, presumably, MacLaren first received a copy of the "initial pleading."

Despite having waived service of process, but not having waived the right to removal in the cognovit note, MacLaren's right to removal was not triggered until he received a copy of the initial pleading. He filed his notice of removal within thirty days of having done so, so removal was timely.

### 3. Jurisdiction Post-Judgment

Plaintiff claims that removal following entry of judgment by a state court is not permissible. In support of this contention, it cites *Barrow v. Hunton*, 99 U.S. 80, 82-83 (1878). In that case the court stated that a federal court would not have jurisdiction over attacks on state court judgments. "If the proceeding is merely tantamount to the common-law practice of moving to set aside judgment for irregularity," the court stated, "the United States court could not properly entertain jurisdiction of the case."

Since enactment of the Federal Rules of Civil Procedure, motions to set aside judgments have been a routine feature of civil litigation in United States courts.

Presently before me, in any event, is not a separate, free-standing proceeding in which defendants now are plaintiffs and bringing such ancillary action as a challenge to the judgment. This is not a civil variant on habeas corpus. It is, rather, a continuation of the litigation the bank initiated against the defendants in state court.

As MacLaren points out, "[p]roper removal does not constitute an appeal, de facto or otherwise, of the state court proceedings but a continuation of them." *Freeman v. Bee Mach. Co.*, 319 U.S. 448, 452 (1943). Defendants could have brought a motion in the state court to set aside

judgment under Ohio R. Civ. P. 60(B). The status of the judgment remains the same whether the challenge occurs there or here, as does the law which will determine that status.

## Conclusion

In light of the foregoing, it is

ORDERED THAT plaintiff's motion to remand [Doc. 8] be, and the same hereby is overruled.

So ordered.

                                        s/James G. Carr
                                        James G. Carr
                                        Chief Judge