IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Fifth Third Bank,                                           Case No. 3:08-CV-02819

           Plaintiff

     v.                                                  AMENDED ORDER[1]

Kenneth A. MacLaren, et al.,

           Defendant

This is an action on four cognovit notes that the Lucas County, Ohio, Court of Common Pleas reduced to judgment in favor of plaintiff, Fifth Third Bank [Fifth Third], against defendants Kenneth A. MacLaren and Joseph R. Garverick. After the cognovit judgments, MacLaren removed the case to this court on the basis of diversity of citizenship. Jurisdiction is proper under 28 U.S.C. § 1332.

Pending are motions for relief from judgment under Fed. R. Civ. P. 60(b)(5). [Docs. 6, 11]. For the reasons that follow, the motions shall be granted.

---

[1] This Amended Order corrects a syntactical error and replaces the Order entered September 30, 2009 [Doc. 32], which is hereby withdrawn.

**Background**

**1. Financing For First Mortgage on Island Resort Property**

On or about March 21, 2001, Fifth Third entered into a financing agreement with The Island Resort Limited Partnership [Island Resort] for a commercial real estate development project in Monroe County, Michigan. MacLaren and Garverick are the general partners of Island Resort.

The documents relating to the financing agreement between Fifth Third and Island Resort included a mortgage note, a real estate mortgage and guaranties by MacLaren and Garverick. The original mortgage note was for $1,800,000. Island Resort concurrently granted Fifth Third a mortgage on real estate it owned in Monroe County. [Island Resort Property].

The guaranty signed March 21, 2001 by Garverick did not include a cognovit provision.

The guaranty MacLaren signed that day, in contrast, included a cognovit provision:

> Kenneth A. MacLaren . . . (hereinafter called "Guarantor"), agree(s) to guarantee the payment of all monies due or which may hereafter become due to Fifth Third Bank, an Ohio banking corporation . . . by The Island Resort Limited Partnership . . . (hereinafter called "Borrower").
> . . .
> 1. GUARANTY: In consideration of an extension of a loan, credit or other financial accommodations given or to be given from time to time pursuant to a note or notes, lease, agreement, or other evidence of indebtedness or given pursuant to any extensions or renewals thereof, or pursuant to any other agreements to extend credit of any kind or nature to Borrower, each Guarantor, jointly and severally, guarantees the prompt payment when due of all indebtedness and liabilities of Borrower of every kind, nature, and character including principal and interest and all renewals, extensions, and modifications thereof now existing or which hereafter may be incurred by Borrower to Bank . . . .

[Doc. 11-2, pg. 20].

The warrant of attorney provision provided, *inter alia*:

> j) Each and every Guarantor hereunder authorizes any attorney of record to appear for them in any court of record in the State of Ohio, after the Obligation becomes due and payable, whether by its terms or upon default, waives the issuance and service

of process, and releases all errors and rights of appeal, and confesses a judgment against them in favor of the Bank or any holder of the Obligation, for the principal amount of the Obligation plus interest as provided for, together with court costs and attorneys' fees.

[Doc. 11-2, pg. 21].

Island Resort and Fifth Third renewed and modified the original mortgage note on maturity several times. The most recent renewal occurred July 5, 2007, when the bank issued a term note in the amount of $1,757,236 secured by the original mortgage.

## 2. Subsequent Loans to MacLaren and Garverick; Entry of Cognovit Judgements

After the original financing secured by the original mortgage note, the bank extended financing to MacLaren and Garverick personally three times. MacLaren and Garverick signed three notes securing these transactions:

1. July 5, 2007; $499,790.30, secured by:

(i) an Open-End Mortgage executed January 5, 2007 granting Bank a second priority security interest in the property of Guarantor, The Island Resort Limited Partnership, a Michigan limited partnership, which property is known as and located at 9760 Head-O-Lake Road, Ottawa Lake, Michigan, 49267 (the "Premises"); and (ii) the Unlimited Payment Guaranty of the Island Resort Limited Partnership[;]

[Doc. 11-2, pg. 8].

2. September 24, 2007; $185,000.00, secured by:

(i) an Open-End Mortgage executed simultaneously herewith granting Bank a third priority security interest in the property of Guarantor, The Island Resort Limited Partnership, a Michigan limited partnership, which property is known as and located at 9760 Head-O-Lake Road, Ottawa Lake, Michigan, 49267; and (ii) an Assignment of Rents and Leases executed simultaneously herewith granting Bank an assignment of all rents and leases arising from the aforesaid Premises; and (ii) [sic] the Unlimited Payment Guaranty of the Island Resort Limited Partnership[; and]

[Doc. 11-2, pg. 12].

3. October 2, 2007; $50,000.00, secured by "the Unlimited Payment Guaranty of the Island Resort Limited Partnership." [Doc. 11-2, pg. 16].

Each note contained the same cognovit clause:

> The undersigned, jointly and severally, authorize any attorney-at-law to appear in any court of record after maturity of this note, whether by acceleration or otherwise, to waive the issuance and service of process and to confess judgment against them in favor of the Bank for the principal sum due hereon together with interest, charges, court costs and attorney's fees, and to waive and release all errors, rights of appeal, exemptions and stays of execution. The undersigned also agrees that the attorney acting for the undersigned as set forth in this paragraph may be compensated by Bank for such services, and the undersigned waive any conflict of interest caused by such representation and compensation arrangement. This warrant of attorney to confess judgment shall be construed under the laws of the State of Ohio.

[Doc. 11-2, pgs. 11, 15, 19].

Each note also contained a waiver of "all suretyship defenses including but not limited to all defenses based upon impairment of collateral and all suretyship defenses described in Section 3-605 of the Uniform Commercial Code as revised in 1990." [Doc. 11-2, pgs. 10, 14, 18].

The three additional notes and original mortgage note came due July 5, 2008. The notes were unpaid and overdue.

Fifth Third filed a complaint in the Lucas County Court of Common Pleas for judgment on the cognovit provisions. Counts One through Three requested cognovit judgment against both Gaverick and MacLaren on each of the three additional notes. Count Four sought cognovit judgment on the MacLaren Guaranty of the original note. The court entered cognovit judgments against defendants on October 20, 2008, on all counts. Plaintiff served MacLaren on November 7, 2008, and MacLaren timely filed his notice of removal on December 1, 2008.

### 3. Michigan Foreclosure Proceeding

4

In addition to obtaining cognovit judgments in Ohio, Fifth Third instituted foreclosure proceedings against the Island Resort Property. At the time of the foreclosure, Fifth Third reported the balance owing on the mortgage as $2,715,156.20.

Michigan law permits a mortgagee to foreclose on a mortgage either judicially or by non-judicial foreclosure through advertisement. Fifth Third chose to foreclose on its October 25, 2001, mortgage on the Island Resort Property by advertisement in Monroe County.

On December 4, 2008, after the required publication and posting of notice of sale, Fifth Third, the only bidder, obtained the property for $100. There is no dispute that this amount was substantially less than the property's value. Michigan law does not, however, require a minimum bid in such foreclosure sales. *Blackwood v. Sawinski*, 191 N.W. 207, 209 (1922).

The cognovit judgments entered on the MacLaren Guaranty and the three additional notes are the subject of the present motions for relief from judgment. Defendants filed the pending motions on December 23, 2008, and January 7, 2009.

One of the principal grounds on which Gaverick and MacLaren seek to vacate the cognovit judgments is the disparity between the value of the Island Resort property and the $100 Fifth Third paid to acquire it at the Michigan foreclosure proceedings.

Defendants submit three appraisals stating the value of the property at the time of the original mortgage and near the time of the foreclosure:

1. An October 30, 2001, appraisal completed for Fifth Third by LandAmerica Commercial Real Property Solutions: $2,640,000;

2. A 2008 property value listing by Whiteford Township:$2,613,200 ($126,300 for land, $2,486,900 for buildings); and

3. An August 27, 2008, appraisal completed for Fifth Third by William Fall Group: $1,200,000.

5

In support of their motions to vacate the cognovit judgments, MacLaren and Garverick assert that, under a Michigan statute, Mich. Comp. L. § 600.3280, they may raise a defense of satisfaction of the cognovit judgments on the additional notes and MacLaren Guaranty. Defendants also argue the Island Resort Property is fairly worth the amount of the unpaid debt, or, in any event, that they are entitled to a set off in the amount of the property's "true value."

In opposing defendants' motions to vacate the cognovit judgments, Fifth Third contends that: 1) the statute on which defendants rely is not applicable to their cognovit notes; 2) even if the statute applies, defendants waived any defense arising under the statute in the cognovit notes; and 3) set off is not a meritorious defense under Ohio law.

MacLaren also argues independently that: 1) the Lucas County Court lacked jurisdiction to reduce the MacLaren Guaranty to judgment; and 2) the MacLaren Guaranty does not conform to Ohio Law. Fifth Third responds that jurisdiction was proper and the cognovit note is enforceable.

**Discussion**

**1. Standard of Review**

Under the cognovit provisions of Ohio statutory law, a debtor in a non-consumer transaction can empower his creditor to create an instrument that the creditor can thereafter produce in the event of default and obtain judgment against the debtor without hearing or notice. O.R.C. § 2323.13.

MacLaren and Garverick bring motions for relief from judgment and vacation under Fed. R. Civ. P. 60(b)(5). Ohio law controls the substantive aspect of the motion – *i.e.*, the standard for vacating a cognovit judgment. *FDIC v. Deglau*, 207 F.3d 153, 166-67 (3d Cir. 2000).

Where a federal procedural rule does not directly conflict with state law, the district court must evaluate "whether failure to apply the state law would lead to different outcomes in state and

federal court." *Cohen v. Office Depot, Inc.,* 184 F.3d 1292, 1297 (11th Cir. 1999), *vacated in part on other grounds*, 204 F.3d 1609 (11th Cir. 2000) (citing *Hana v. Plumer*, 380 U.S. 460, 466 (1965)).

Rule 60(b) of the Federal Rules of Civil Procedure does not address the standards for setting aside a cognovit judgment. There is no federal common law on that issue. Ohio courts, however, have established such standards. *E.g.*, *Livingston v. Rebman*, 169 Ohio St. 109 (1959); *see also GTE Automatic Elec. Inc. v. ARC Industries, Inc.*, 47 Ohio St. 2d 146, 146 (1976); *Medina Supply Company, Inc. v. Corrado*, 116 Ohio App. 3d 847, 850 (1996). Because failure to apply the Ohio standard could lead to different outcomes in state and federal court, Ohio law controls.

Under Ohio Civ. R. 60(B), a party seeking relief from judgment must file the motion within a reasonable time, present a meritorious defense and show entitlement to relief under one of the grounds stated in Ohio Civ. R. 60(B). *GTE Automatic*, *supra*, 47 Ohio St. 2d at 146.

The movant must demonstrate each element by operative facts presented in materials accompanying the motion for relief from judgment. *Adomeit v. Baltimore*, 39 Ohio App. 2d 97, 102 (1974).

The movant's burden is only to allege a meritorious defense, not to prove that he or she will prevail. *Myers v. McGuire*, 80 Ohio App. 3d 644, 646 (1992). The movant must, however, "allege operative facts with enough specificity to allow the trial court to decide whether a meritorious defense exists." *Advanced Clinical Management, Inc. v. Salem Chiropractics Ctr., Inc.*, 2004 WL 57710, *2 (Ohio App.). These asserted facts must be more than mere allegations. *See Urbana College v. Conway*, 29 Ohio App. 3d 13, 16 (1985).

A meritorious defense to a cognovit judgment is "one that goes to the integrity and validity of the creation of the debt or note, the state of the underlying debt at the time of confession or judgment, or the procedure utilized in the confession of judgment on the note." *Rothstein v. Rothstein*, 2005 WL 3219707, \*2 (Ohio App.) (quoting *Nat'l Bank of Pandora v. Freed*, 2004 WL 1489074 (Ohio App.)). I am to resolve any doubts in favor of a trial on the merits. *See General Motors Acceptance Corp. v. Deskins*, 16 Ohio App. 3d 132, 133 (1984).

MacLaren and Garverick's motions, filed December 23, 2008, and January 7, 2009, are timely. The only issue is whether they assert a meritorious defense to the cognovit judgments.

### 2. Whether the MacLaren Guaranty Complies with Ohio Law

MacLaren argues the cognovit guaranty he signed in conjunction with the original mortgage note fails to meet Ohio statutory requirements. This is so, he asserts, because the cognovit "contains no amounts and no basis upon which for Mr. MacLaren to determine the amount of his liability." [Doc. 11]. I agree.

Under O.R.C. § 2323.13, an attorney confessing judgment on a cognovit instrument must, at the time he or she confesses judgment against the note's maker:

> produce the warrant of attorney for making it to the court before which he makes the confession. Notwithstanding any agreement to the contrary, if the maker or any of several makers resides within the territorial jurisdiction of a municipal court established under section 1901.01 of the Revised Code, or signed the warrant of attorney authorizing confession of judgment in such territory, judgment on such warrant of attorney shall be confessed in a municipal court having jurisdiction in such territory, provided the court has jurisdiction over the subject matter; otherwise, judgment may be confessed in any court in the county where the maker or any of several makers resides or signed the warrant of attorney. The original or a copy of the warrant shall be filed with the clerk.

O.R.C. § 2323.13.

Fifth Third satisfied this requirement: It attached the cognovit note to the complaint, produced it to the court and filed it with the clerk. *Northern Ohio Tractor, Inc. v. Richardson*, 8 Ohio App. 3d 171, 172 (1982) (citing *Lathrem v. Foreman*, 168 Ohio St. 186 (1958)).

Ohio courts have, however, imposed an additional prerequisite for enforcement of a cognovit against the maker: namely, that the liability which the cognovit note secures be sufficiently definite and certain. *Antonelli v. Silvestri*, 137 N.E.2d 146, 146 (1955). MacLaren argues that under *Antonelli*, *supra*, and *Huntington Nat'l Bank of Columbus v. The Cinemack Corp.*, 1979 WL 209409, *4 (Ohio App.), because the MacLaren Guaranty is indefinite, the cognovit provision is unenforceable.

In *Antonelli*, the court declined to give full faith and credit to a cognovit provision in a Pennsylvania lease creating liability for "such amounts as may *at any time* be due as rent, transportation, repair charges, and or any other charges in connection with said equipment or use thereof " 137 N.E.2d at 146 (emphasis added). The lease also left out the name of the person in whose favor judgment on the lease could be confessed. *Id.*

The court held that "for a warrant of attorney to be definite, clear, and explicit," and thus sufficiently specific to be enforceable, "the warrant must either state a specific amount for which the judgment could be confessed, or such amounts must be ascertainable without the aid of extrinsic evidence." *Id.* at 148.

In *Cinemack*, *supra*, the court held that "a warrant-of-attorney clause in a guaranty agreement is void as uncertain and indefinite unless the extent of liability with respect to which the warrant may be exercised to confess judgment must be ascertainable from the face of the guaranty agreement." 1979 WL 209409, *4.

Fifth Third points to *TransOhio Savings Bank v. Millston Apartments of Aberdeen, Ltd.*, 1990 WL 174084 (Ohio App.), as support for its contention that the MacLaren Guaranty is sufficiently definite.

In *TransOhio* plaintiffs executed both a promissory note and a separate "Single Loan Guaranty" on the same date. The guaranty provided that the guarantors would:

> unconditionally guarantee the prompt and full payment to [plaintiff bank] when due . . . of the principle amount of the loan, together with interest, late charges, collection costs, attorneys' fees and the like (all of the aforesaid cumulatively referred to as the 'Loan') as provided for in said promissory note or any subsequent promissory note or notes given to evidence the Loan.

*Id.*, *1.

As in this case, the *TransOhio* guaranty contained a cognovit provision and the bank obtained a cognovit judgment against the guarantor. Although the guaranty did not specifically state that amount of liability, the court found it otherwise sufficient because the "extent of liability [was] expressly stated in the guarantee." *Id.*, *4. This was so, the court held, because the guaranty referred to a specific loan:

> Defendant relies on *Huntington National Bank of Columbus v. The Cinemack Corporation* [citation omitted] for the proposition that a warrant-of-attorney in a guarantee is void if the extent of liability is not discernible from the face of the guarantee agreement. In this case, however, the extent of liability is expressly stated in the guarantee.

*Id.*, *4.

In reaching this conclusion, the court in *TransOhio* stated that defendant's claim of lack of specificity was "'blatantly false since the amount of judgment is easily ascertained from the face of the guaranty agreements which specify and incorporate the mortgage notes and the amounts thereof for which the guarantee supports.'" *Id.* (quoting *Buckeye Federal Savings & Loan v. Gurlinger*,

10

1990 WL 86807,*4 (Ohio. App.)).

In *TransOhio*, the "Single Loan Guaranty" contained references to "the loan" and only operated to guarantee a single loan issued the same day. The MacLaren Guaranty, by contrast, purports to be an "Unlimited Payment Guaranty" for: 1) "all monies due or which may hereafter become due to Fifth Third Bank . . . by The Island Resort Limited Partnership, a Michigan limited partnership"[;] and 2) "all indebtedness of Borrower [Island Resort] of every kind, nature, and character including principal and interest and all renewals, extensions, and modifications thereof now existing or which hereafter may be incurred." [Doc. 11-2, pg. 20].

Unlike the guaranty in *TransOhio*, the MacLaren Guaranty contains no reference to nor incorporates a specific amount of liability. It purports, moreover, to hold MacLaren liable for future debts incurred by Island Resort. The underlying mortgage note between Fifth Third and Island Resort was modified several times after the initial real estate mortgage was issued. The amount of Island Resort's indebtedness—and thus, the amount of the guaranty—varied with each renewal.

The amount for which MacLaren could be held liable was not "ascertainable from the face of the guaranty agreement." *See Cinemack*, *supra*, 1979 WL 209409, *4. Consequently, because the MacLaren Guaranty is indefinite, the cognovit provision contained therein is unenforceable.

### 3. Whether the Michigan Statutory Defense Applies

MacLaren and Garverick assert that the Michigan foreclosure deficiency statute, Mich. Comp. L. § 600.3280, provides a defense to the cognovit judgments.[2] Fifth Third argues that this

---

[2] In this diversity case,. I apply the law, including choice of law rules, of the forum state, Ohio. *Hayes v. Equitable Energy Res. Co.,* 266 F.3d 560, 566 (6th Cir. 2001) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496 (1941)). In Ohio, the Restatement (Second) of the Law of Conflicts governs. *Morgan v. Biro Mfg. Co.,* 15 Ohio St. 3d 339, 341-42 (1984). Under the Restatement, the law of the jurisdiction where the property is located controls transfers of interests in land, including

statute has no application to the cognovit judgments against the individual defendants.

Under the statute, when a mortgagee forecloses *via* advertisement on a mortgage, purchases the property and seeks a deficiency judgment, the person against whom the deficiency is sought may be entitled to a set off against the deficiency where the purchase price is less that the property's value.

The statute provides:

> When, in the foreclosure of a mortgage by advertisement . . . shall be hereafter made by a mortgagee . . . at which the mortgagee, payee or other holder of the obligation thereby secured has become or becomes the purchaser, or takes or has taken title thereto at such sale either directly or indirectly, and thereafter such mortgagee, payee or other holder of the secured obligation, as aforesaid, shall sue for and undertake to recover a deficiency judgment against the mortgagor, trustor or other maker of any such obligation, or any other person liable thereon, it shall be competent and lawful for the defendant against whom such deficiency judgment is sought to allege and show as matter of defense and set off to the extent only of the amount of the plaintiff's claim, that the property sold was fairly worth the amount of the debt secured by it at the time and place of sale or that the amount bid was substantially less than its true value, and such showing shall constitute a defense to such action and shall defeat the deficiency judgment against him, either in whole or in part to such extent.³

Mich. Comp. L. § 600.3280.

---

foreclosure. Rest. 2d Conflict of Laws § 226.

The foreclosure took place in Michigan and the property is located in Monroe County, Michigan. The sale is therefore subject to Michigan law.

³ Michigan courts have not determined whether the statute provides a defense to a mortgage guarantor. *See Bank of Three Oaks v. Lakefront Properties*, 444 N.W.2d 217, 221 n.2 (1989) ("[T]he issue as to whether a guarantor is a defendant entitled to invoke the remedies set forth in § 3280 has not arisen[.]"). In Count Four of the complaint for cognovit judgment, Fifth Third requested judgment on the MacLaren Guaranty against MacLaren as guarantor of the $1,800,000 mortgage. I do not, however, reach the question of whether the Michigan statute provides a defense as to the MacLaren Guaranty because I find the MacLaren Guaranty defective under Ohio Law.

Before addressing the statute's applicability to the foreclosure in this case, I note that the October 2, 2007, note, in contrast to the other two additional notes, is not secured by a mortgage on the Island Resort Property. It is only secured by "the Unlimited Payment Guaranty of The Island Resort Limited Partnership." [Doc. 11-2, pg. 16]. Because the October 2, 2007, note, is not secured by a mortgage and the statute applies to deficiencies sought after mortgage foreclosure, defendants cannot assert the Michigan statutory defense to this note.

The parties dispute whether: 1) the statutory defense contained in § 600.3280 is available to MacLaren and Garverick as individual signors of notes secured by junior mortgages; and 2) a cognovit judgment is a deficiency judgment that allows defendants to assert the statutory defense.[4]

Fifth Third's notice of foreclosure, as advertised, stated that the October 25, 2001, mortgage was in default, and Fifth Third was foreclosing. Because this is the only mortgage foreclosed on, the statutory defense listed in § 600.3280 is only applicable to deficiency actions for the debt secured by that mortgage. The two additional notes signed jointly and severally by MacLaren and Garverick later and secured by additional mortgages on the Island Resort Property are not debt secured by the mortgage on which Fifth Third foreclosed. The statute is therefore inapplicable.

Under Michigan mortgage law, when a mortgagee forecloses on a senior mortgage, his action does not extinguish the liability of junior mortgages on the land. *Blackwood*, *supra*, 191 N.W. at 208. In *Blackwood*, the holder of two mortgages on the same property foreclosed on the first mortgage and purchased the mortgaged property at the resulting sale. The Michigan Supreme Court rejected defendant's argument that because plaintiff had a right to foreclose on both mortgages,

---

[4] Because I find that MacLaren and Garverick cannot avail themselves of the statutory defense, I do not reach the second question.

plaintiff could not foreclose on the first mortgage without the foreclosure resulting in the second mortgage merging into the title.

Rejecting this argument, the court held:

[t]he doctrine of merger in satisfaction of the debt does not apply to this case. The purchaser at the foreclosure sale under his first mortgage did not assume payment of the second mortgage. He could not longer look to the security, but he could look to the mortgagors on their note. The note and mortgage did not make the land primarily liable for the debt, and plaintiff nowhere along the line has placed himself in a position to be held to look to the land alone for his money.

*Id.* at 209.

MacLaren's and Garverick's July 5, 2007, note for $499,790.30 is secured by "an Open-End Mortgage executed January 5, 2007 granting Bank a *second priority security interest* in the property of Guarantor, The Island Resort Limited Partnership, a Michigan limited partnership, which property is known as and located at 9760 Head-O-Lake Road, Ottawa Lake, Michigan, 49267" (emphasis added). [Doc 11-2, pg. 8].

MacLaren's and Garverick's September 24, 2007, note for $185,000 is secured by "an Open-End Mortgage executed simultaneously herewith granting Bank a *third priority security interest* in the property of Guarantor, The Island Resort Limited Partnership, a Michigan limited partnership, which property is known as and located at 9760 Head-O-Lake Road, Ottawa Lake, Michigan, 49267" (emphasis added). [Doc 11-2, pg. 12]. The obligations secured by these two junior mortgages therefore survive the foreclosure proceeding.

Fifth Third argues convincingly that because § 600.3280 refers to the "obligation secured thereby" the mortgage and "the debt secured by it," the statute applies only to the original mortgage note and only Island Resort can assert this defense.

14

Defendants point to several Michigan cases to support their argument that the statutory defense is applicable. In these cases, however, the parties asserting the statutory defense were liable on the foreclosed-on mortgage. *See Guardian Depositors Corp. v. Powers*, 296 N.W. 675, 677-78 (Mich. 1941) (statutory defense available when deficiency sought from person liable on foreclosed-on mortgage); *Chabut v. Chabut*, 239 N.W.2d 401, 407 (Mich. App. 1976) (statutory defense unavailable to mortgagor against mortgagee for amount of money paid to mortgagee by mortgagor to prevent mortgagor from satisfying deficiency out of available collateral).

MacLaren and Garverick rely also on several cases decided under Michigan's "full-credit bid" rule. These cases are similarly inapplicable. Under Michigan law, when property is sold at a non-judicial foreclosure sale and the mortgagee submits a full-credit bid [a bid for the total amount owed on the real estate mortgage], no deficiency exists and the mortgage is extinguished. *Bank of Three Oaks v. Lakefront Properties*, 444 N.W.2d 217, 219 (Mich. App. 1989).

This full-credit bid rule also bars additional actions against non-borrower third parties. *New Freedom Mortgage Corp. v. Globe Mortgage Corp.*, 761 N.W.2d 832, 837-38 (Mich. App. 2008) (holding that mortgagor bank could not pursue claims for breach of contract, fraud against mortgage brokers or title companies because damages are an essential element of every claim, and no damages exist after full-credit bid).

The full-credit bid rule is not applicable here because Fifth Third submitted a bid for $100 substantially less than Island Resort owed on the Property, and as such, these cases do not demonstrate that MacLaren and Garverick are among the class of people protected under the statute.

That being so, defendants have not shown that they can successfully assert § 600.3280 as a defense against the cognovit judgments at issue here.

### 4. Defense of Satisfaction or Set off

MacLaren additionally asserts a "defense of satisfaction of judgment." [Doc. 11]. Because this is a diversity case, I apply the law of the forum state, Ohio. *See Hayes*, *supra*, 266 F.3d at 566 (6th Cir. 2001).

The court in *Doyer v. Mayerson*, 4 Ohio. App. 2d 106, 108 (1965) stated that "'[s]atisfaction' is a technical term in its application to judgments and means the payment of money due and all things come by the judgment." Rule 60(B)(4) of the Ohio Rules of Civil Procedure provides that relief from judgment is appropriate when "the judgment has been satisfied, released or discharged." In *Barnes v. Barnes*, 2005 WL 327552, *6 (Ohio App.), the court examined the standard behind the rule:

> Pertinently, the Supreme Court of Ohio has already delineated the basic standard for determining whether a party can satisfy Civ.R. 60(B)(4). In *Crouser v. Crouser* (1988), 39 Ohio St.3d 177, 180, 529 N.E.2d 1251, the Supreme Court stated: "In order for the plaintiff to succeed under Civ.R. 60(B)(4), she must show that 'it is no longer equitable that the judgment should have prospective application.' Of importance here are the words 'no longer,' referring to the change in condition that is required to make continued enforcement of the judgment inequitable. Moreover, Civ.R. 60(B)(4) was designed to provide relief when those changed circumstances were not foreseeable, and not within the control of the parties."

As the court in *BancOhio National Bank v. Schiesswohl*, 51 Ohio App. 3d 130, 131 (1988), stated, "[I]f [the bank] had in fact received a total satisfaction of [defendant]'s debts" through "repossession of the collateral," the bank "should be prohibited from availing itself of the power of the court to collect more money from [defendant]."

### A. Whether Satisfaction or Set off Raises a Meritorious Defense Under Ohio Civ. R. 60(B)

Under Ohio law, satisfaction by repossession of collateral is a meritorious defense. *Id.* at 132. In *BancOhio* the trial court granted plaintiff bank a cognovit judgment. The bank later repossessed the collateral secured by the cognovit note. The debtor filed a motion under Ohio Civ. R. 60(B) asserting that the judgment had been satisfied by the collateral's repossession or, alternatively, that the foreclosing party had disposed of the collateral in a commercially unreasonable manner. While the appellate court did not determine whether the Rule 60(B) motion should be granted, it remanded for a hearing on the motion. *Id.*

The court additionally noted that "[i]f BancOhio had in fact received a total satisfaction of Schiesswohl's debts, BancOhio should be prohibited from availing itself of the power of the court to collect more money from Schiesswohl . . . . Thus, Schiesswohl has alleged operative facts which would support a meritorious defense to the judgment." *Id.* at 131-32. *But see First Nat'l Bank v. Freed*, 2004 WL 1489074, *3 (Ohio App.) (holding that post-cognovit judgment conduct of creditors regarding collateral does not give rise to meritorious defense under Ohio Civ. R. 60(B)).

A set off or counterclaim, by contrast, is not a meritorious defense to a cognovit judgment. *Kistner v. Cameo Countertops, Inc.*, 2005 WL 928156, *2 (Ohio. App.). "[A] counterclaim or set off is, in effect, a claim 'that would reduce or satisfy the amount due on the note'; and relief from cognovit judgment is 'granted only to the defendant who has a *defense* to the action.'" *Nat'l City Bank v. Mulinex,* 2005 WL 2600343 , *3 (Ohio App.) (quoting *Cambridge Prod. Credit Assn. v. Shaner*, 5th Dist. No. CA-351 (May 8, 1987) (emphasis in original)).

Ohio courts recognize that though set off or counterclaim may not be a meritorious defense, "a judgment debtor retains the right to prosecute a counterclaim in a separate action." *Baker Motors, Inc. v. Baker Motors Towing, Inc.*, 2009 WL 1912629 (Ohio App.) (citing *Central Nat'l Bank of*

17

*Cleveland v. Std. Loan & Fin. Co.*, 5 Ohio App. 2d 101, 105 (1964)).

## B. Waiver

Fifth Third asserts that defendants have waived the defense of satisfaction or set off. The bank bases this contention on a provision in each note, in which defendants waived "all suretyship defenses, including but not limited to defenses based upon impairment of collateral and all suretyship defenses described in Section 6-305 of the Uniform Commercial Code as revised in 1990." [Doc. 11-2, pgs. 10, 14, 18].

Suretyship is a "contractual relation where one person, the surety, agrees to answer for the debt or default of another, the principal." *Solon Family Physicians, Inc.* v. *Buckles*, 96 Ohio App. 3d 460, 463-64 (1994). MacLaren and Garverick's assertion of a defense of satisfaction to the additional notes is not a suretyship defense. Cognovit judgments were entered against MacLaren and Garverick individually based on the cognovit provisions contained within the notes. Defendants do not assert that "the debt or default" is satisfied, but rather that a debt owed personally is satisfied. Fifth Third's waiver argument therefore fails.

## C. Whether MacLaren and Garverick Demonstrate Satisfaction

As noted above, MacLaren's and Garverick's burden is only to allege a meritorious defense, not to prove they will prevail, see *Myers*, *supra*, and to do so by alleging "operative facts with enough specificity to allow the trial court to decide whether a meritorious defense exists." *Advanced Clinical Management*, *supra*, 2004 WL 57710, *2.

MacLaren and Garverick have provided operative facts adequate to demonstrate a meritorious defense of satisfaction exists to the cognovit judgment. They have submitted evidence

that the bank foreclosed on the Island Resort property in the form of newspaper foreclosure publications and an Affidavit of Auctioneer and Affidavit of Purchaser stating that Fifth Third purchased the property

for $100 on December 4, 2008. They have provided the July 4, 2007, and September 24, 2007, notes which are secured by mortgages on the Island Resort Property and the October 2, 2007, note, which is secured by an unlimited guarantee of Island Resort and thus also secured by the property.

MacLaren and Garverick have also provided various appraisals demonstrating that the value of the property exceeds the amounts owed on the three cognovit judgments still at issue: the July 5, 2007, note, the September 24, 2007, note and the October 2, 2007, note. Defendants have alleged that the Island Resort Property is worth the full amount listed as owing on the mortgage by the bank at the time of foreclosure – $2,715,156.20. To support this contention, they have submitted their three appraisals, which estimate the property's value as $2,640,000 as of October 30, 2001, $2,486,900 during 2008 and $1,200,000 as of Fall, 2008. If a trier of fact were to credit any of these appraisals, the value of the property would exceed the amount owed on the notes [namely, $499,790.30, $185,000 and $50,000].

MacLaren and Garverick thus have alleged a potentially meritorious defense, *i.e.*, their claim of satisfaction.

## Conclusion

For the foregoing reasons, it is hereby:

ORDERED THAT defendants' motions for relief from judgment [Docs. 6, 11] be, and the same hereby are granted.

19

So ordered.

                                                                     s/James G. Carr
                                                                     James G. Carr
                                                                     Chief Judge